### ATKINS vs. SCOTT.

This court will not reverse a judgment in a cause tried by a jury merely because the weight of the evidence upon a material fact, as it appears in the bill of exceptions, seems to it to be against the verdict, where there was a great conflict of testimony upon the fact; nor where the bill of exceptions does not show that it contains all the material evidence.

APPEAL from the Circuit Court for *Green Lake* County.

Action for goods sold and delivered.    Answer, payment. The proof showed that the alleged payment was made in bank certificates of deposit, payable in currency, which were protested for non-payment, the bank having failed.    There was conflicting evidence as to whether the plaintiffs received the certificates in absolute payment.    Verdict for the defendant; motion for a new trial, on the ground that the verdict was against law and the evidence, denied ; and the plaintiff appealed.

*A. B. Hamilton*, for appellants.

*J. C. Truesdell, contra.*

*By the Court*, COLE, J.    We cannot grant a new trial in this case, although the weight of evidence, as it is returned to this court, would seem to be against the verdict.    There is great conflict of testimony upon the point whether the certificates were taken by the plaintiffs in payment of their goods and at their own risk, or not.    It was the peculiar province of the jury to decide upon this conflict.    They saw the witnesses, their manner of testifying, and could best judge what credit to give their conflicting statements.    Besides, the bill of exceptions

does not state that it contains all the material evidence given on the trial. Under these circumstances, we could not reverse the judgment, even if we thought the weight of evidence, as contained in the bill of exceptions, was in favor of the plaintiffs.

The judgment of the circuit court is affirmed.